PONDER, Justice.
*416 The plaintiff, Isidore Smith, brought suit against Le Sueur & Company and Mary Louise Hall to annul an agreement to purchase real estate and to recover the return of a deposit and damages, or double the deposit, on the ground that the defendant had misrepresented the rental value of the property. The defendants denied that they had made any misrepresentation and asked in reconvention for $680 for commission and $100 for attorney’s fees. There was a curator ad hoc appointed to 'represent Mary Louise Hall, absentee. Upon trial, the lower court gave judgment in favor of the plaintiff in the amount of the deposit, $1,450, less the curator fee of $250. The defendant Le Sueur & Company appealed and the plaintiff answered the appeal asking for the judgment 'to be amended so as to award him $1,450 with judicial interest until paid.
The plaintiff entered into a contract with Mary Louise Hall to purchase a certain piece of property located in the City of New Orleans for $14,500 and deposited $1,450 with Le Sueur & Company, the agent of the Seller, in accordance with the agreement. It is stated in the agreement to purchase that the property, an apartment house, is rented for $65 and $85 per month for the right-hand side,'and-the-left-hand side is family occupied. The evidence shows that the plaintiff was purchasing the property as an investment.' Under UPÁ regulations the right-hand side of the apartment house could not legally be rented for an amount in excess of $58 and $47--per ’month, an amount considerably less than the rental value stated in the contract.
The lower court after considering the evidence arrived at the conclusion that the property was purchased subject to the rental value stated in the contract and that this rental value could not be realized under the OPA regulations. In other words, the purchaser had the right to assume that the rental value stated in the contract could be legally received from the right-hand side of the apartment house. Under a similar set of facts this Court, in the case of Overby v. Beach, 220 La. 77, 98, 55 So.2d 873, in its opinion on rehearing, arrived at the conclusion that such contract could not be enforced because the legal collectible rentals were misrepresented. This being the case, the plaintiff is entitled to the return of his deposit with legal interest from judicial demand until paid. The lower court erred in reducing the amount of the deposit by deducting the curator fee. The curator fee should be paid by the defendant with the other costs of the suit.
For the reasons assigned, the judgment of the lower court is amended so as to award the plaintiff, Isidore Smith, $1,450 with judicial interest from judicial demand until paid; the curator fee and all other costs to be paid by the defendant, Le Sueur & Company. As thus amended, the judgment is affirmed.
HAMITER; J., concurs in the result.